IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**STEPHANIE NICOLE MACKIE-HATTEN,**

    **Petitioner,**

v.                                                              Case No. 1:20-cv-00107

**WARDEN REHERMAN,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 and Respondent's request that the petition be dismissed. (ECF Nos. 1, 6). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned determines that Petitioner is clearly not entitled to relief; therefore, the undersigned **RECOMMENDS** that the § 2241 petition, (ECF No. 1), be **DENIED**; that Respondent's request for dismissal, (ECF No. 6), be **GRANTED**; and that this matter be **DISMISSED**, with prejudice, from the docket of the Court.

**I.     Factual and Procedural Background**

Petitioner Stephanie Nicole Mackie-Hatten filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 5, 2020, while incarcerated within Federal Prison Camp, Alderson ("FPC Alderson"), located in Alderson, West

1

Virginia. (ECF No. 1). Mackie-Hatten is currently serving a 120-month prison sentence imposed by the District of South Carolina for drug-related offenses. (ECF Nos. 6-1 at 6; 10 at 6).

In her petition, Mackie-Hatten challenges the denial of her request to transfer to FCI Coleman, a Federal Bureau of Prisons ("BOP") facility in Florida. (ECF No. 1 at 2, 8). She claims that the First Step Act of 2018, 18 U.S.C. 3621(b), requires the BOP to place her within 500 driving miles of her release address and asserts that the BOP made an error by placing her at FPC Alderson because the facility is more than 500 miles from her home. (ECF No. 1 at 10). She notes that her incarceration in West Virginia has caused hardship for her family and friends. (*Id.*). Furthermore, according to Mackie-Hatten, the programs at FPC Alderson are full and FCI Coleman is better equipped to provide her with programming that serves her interests. (*Id.*).

On February 28, 2020, the undersigned entered an order directing Respondent to answer or otherwise respond to the petition within 60 days of the entry of the order. (ECF No. 5). On March 24, 2020, Respondent submitted his response to Mackie-Hatten's petition. (ECF No. 6). Respondent notes that Mackie-Hatten has exhausted her administrative remedies, but contends that the First Step Act itself precludes judicial review of the BOP's designation of an inmate's place of imprisonment. (*Id.* at 2); 18 U.S.C. 3621(b). Respondent maintains that this Court lacks authority to order the BOP to transfer any inmate to a facility closer to home and concludes that, as Mackie-Hatten's qualification for a nearer-release transfer is not reviewable, her petition must be dismissed.. (ECF No. 6 at 3).

On March 26, 2020, the undersigned entered an order granting Mackie-Hatten 60 days from the date of the order to submit a reply to Respondent's request that this Court

2

dismiss her petition. (ECF No. 7). On May 11, 2020, Mackie-Hatten filed a response to Respondent's request to dismiss her petition. (ECF No. 10). In her response, Mackie-Hatten informs the Court of the significant obstacles she faces in researching and preparing her argument due to the lockdown procedures in place at FPC Alderson in response to the COVID-19 pandemic. (*Id.* at 6). Nevertheless, Mackie-Hatten clarifies that she is not seeking review of her request for transfer, but rather challenges her original designation to FPC Alderson on the basis that it did not comport with the statutory requirements set forth in the First Step Act. (*Id.* at 9–10). Mackie-Hatten reminds the Court that FPC Alderson is more than 500 miles from her release address. She again points out the strain in her family relationships caused by the distance, as well as the lack of supportive institutional programming available to her, which "adds insult to injury." (*Id.* at 7, 9). Mackie-Hatten disputes Respondent's calculation of the number of administrative remedies she has filed, although it is unclear if this relates to her underlying claim. (*Id.* at 7–8). Mackie-Hatten further asserts that she faced retaliation after informing her Unit Team that her designation to FPC Alderson was in violation of the First Step Act. (*Id.* at 8).

## II. Standard of Review

Respondent does not identify the standard under which he seeks dismissal of Mackie-Hatten's petition; however, Respondent filed his response concurrently with the request for dismissal. Therefore, the request should be treated as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A motion for judgment on the pleadings applies the same standard of review as a motion to dismiss filed under Rule 12(b)(6), and both motions may be filed in habeas actions. (*Id.* at 138–39); *see also Martin v. U.S. Parole*

3

*Comm'n*, No. cv PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. (*Id.*) The court "may also consider documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III.  Discussion

Mackie-Hatten filed her *pro se* petition for habeas corpus relief under 28 U.S.C. § 2241 and challenges her placement at FPC Alderson based on the First Step Act. (ECF Nos. 1, 10 at 10). Her petition is to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); *see also* Fed. R. Civ. P. 8(e). In order to determine if Mackie-Hatten's claims are cognizable under a § 2241 petition, this Court must determine if she is in fact seeking habeas relief. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971)

4

(construing petitioners' premature habeas claim as an actionable 42 U.S.C. § 1983 petition).

To state a claim under § 2241, a petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). To determine whether a claim is cognizable under habeas corpus or under a civil rights action, a court must review whether the challenge is either to the fact or duration of the prisoner's confinement or instead to the conditions of the prisoner's confinement. *See Rodriguez v. Ratledge*, 715 F. App'x 261, 266 (4th Cir. 2017). While a habeas petition is appropriate when a prisoner seeks a "quantum change" in his level of custody, when he only "seeks a different program, location, or environment, his challenge is to the conditions of his confinement rather than the fact of his confinement and his remedy is under civil rights law." *Sappleton v. Hogsten*, Civil Action No. 1:11–00552, 2014 WL 2565547, at *2 (S.D.W. Va. Jun. 6, 2014) (quoting *Campbell v. Deboo*, 2011 WL 1694454, at *2 (N.D.W. Va. May 4, 2011)).

Challenges to the conditions of confinement are not properly addressed through habeas petitions and instead should be challenged in civil rights actions. *See Wilborn v. Mansukhani,* 795 F. App'x 157, 164 (4th Cir. 2019) (holding that § 2241 petitions are not appropriate avenue to raise conditions of confinement claims); *see also Roudabush v. Warden FCI Edgefield,* No. CV 8:18-1818-BHH-JDA, 2018 WL 3979858, at *1 (D.S.C. July 18, 2018*), report and recommendation adopted*, No. CV 8:18-1818-BHH, 2018 WL 3972257 (D.S.C. Aug. 20, 2018) (challenge alleging harassment, unsanitary food, and lack of mental health care not properly raised by § 2241 claim); *Crooker v. Stewart*, No. CIV.A. ELH-14-1972, 2015 WL 1210209, at *3 (D. Md. Mar. 13, 2015) (alleged Eighth Amendment violations should be addressed by *Bivens* or § 1983 action, not a § 2241

claim); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement....A civil rights action, in contrast, is the proper method for challenging 'conditions of confinement'"). Here, where Mackie-Hatten seeks review of her designation to FPC Alderson, she challenges the conditions of her confinement. *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991) (holding that a request to change the location of incarceration is not cognizable under a habeas action). Mackie-Hatten challenges no aspect of her sentence other than her designation to FPC Alderson rather than a different federal prison. Although she also makes reference to retaliation she suffered because she complained about her designation, (ECF No. 10 at 8), she offers no examples or documentation of such retaliation, providing only a threadbare accusation. Thus, because Mackie-Hatten challenges the conditions of her confinement, and not the duration or fact of her sentence, the undersigned **FINDS** that her claim should be dismissed as it is not cognizable under § 2241.

Assuming that Mackie-Hatten had properly asserted her claim in a civil rights complaint, her claim would still fail. The law is clear that a prisoner has no constitutional right to be placed in any particular correctional facility. *See Olim v. Wakinekona*, 461 U.S. 238, 244 (1983) ( holding that a prisoner has no constitutional right to be housed in a particular facility). The designation of a place of imprisonment rests exclusively with the Attorney General and his designee, the BOP, and is not constitutionally reviewable by this Court. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.").

Furthermore, as Respondent notes, while the First Step Act provides criteria for the BOP to consider when designating an inmate to a particular place of imprisonment, it

also states unequivocally that the BOP's designation is not subject to judicial review. (ECF No. 6 at 2); 18 U.S.C. 3621(b). This Court therefore has no authority to consider the BOP's designation of Mackie-Hatten to FPC Alderson. *In re Rice*, 33 F. App'x 108 (4th Cir. 2002) (holding that the BOP's discretionary power to designate an inmate's location is plenary and a court order that the BOP transfer him from one federal prison to another was unavailable). As such, the undersigned **FINDS** that review of Mackie-Hatten's designation to FPC Alderson is statutorily precluded and her claim should be dismissed.

### IV. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES that** the § 2241 petition, (ECF No. 1), be **DENIED**; that Respondent's request for dismissal, (ECF No. 6), be **GRANTED**; and that this matter be **DISMISSED**, with prejudice, from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** October 8, 2020

Cheryl A. Eifert
United States Magistrate Judge